DIXON, Judge.
This is a subrogation case arising out of an accident which occurred April 30, 1968 on Highway 80 near Choudrant. There was judgment in favor of the plaintiff, and defendant appeals.
Defendant’s contention in her reconven-tional demand and on appeal is that the plaintiff’s insured had the last clear chance to avoid the accident.
Plaintiff’s insured was Lonnie Cage. The defendant is the daughter of Hogan A. Cheatwood, and his sole heir. She has accepted the succession of Mr. Cheatwood. Mr. Cheatwood was seventy-eight years old at the time of the accident. He was traveling south on Lincoln Parish Highway 4, a dirt road, just prior to the accident. He stopped at a stop sign, looked both ways, then pulled out on Highway 80 in the path of the automobile driven by Cage. Cage attempted to avoid the collision by cutting to his left. Cage’s right front struck the front of the Cheatwood vehicle.
Cage had observed Cheatwood approach the intersection, stop and look, and then pull into Cage’s path. Cage had assumed, as he had a right to do, that Cheatwood would remain in a position of safety until Cage passed.
Cage’s testimony was that he slowed his speed to approximately forty-five or fifty miles an hour when he saw the Cheatwood vehicle. The speed limit at the point of the accident is forty-five miles an hour, but less than two hundred feet away the speed limit on Highway 80 is again sixty miles an hour. The district judge, in his written opinion, stated that he was not convinced that the speed of the Cage vehicle was the cause of the accident, but that the sole cause of the accident was the failure of Mr. Cheatwood to remain stopped in a safe position until the Cage vehicle passed.
We agree with the district court that the evidence does not demonstrate any negligence on the part of plaintiff’s insured, Cage, which contributed to the accident. We cannot agree with appellant in her contention that Cage had the last clear chance to avoid the accident, and should be cast in spite of Mr. Cheatwood’s negligence. The last clear chance doctrine does not apply if a driver does not have a clear chance and the last chance in the sequence of events to avoid the accident. The evidence in the record does not establish that Cage had either.
The judgment of the district court is affirmed, at the cost of the appellant.